IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DUSHAWN CHAVERS,<br>on behalf of himself and all<br>others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>M. ELLIOT, STRONG AND<br>ASSOC., LLC (d/b/a TSP<br>SECURITY LLC, GA) and MARC<br>E. SINGLETARY,<br><br>   Defendants. | CIVIL ACTION FILE NO.<br><br><br>COLLECTIVE ACTION COMPLAINT<br><br><br>For Violations of the Fair Labor<br>Standards Act of 1938, As Amended<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Dushawn Chavers (hereinafter "Plaintiff" or "Chavers"), by and through his undersigned counsel, and files this Complaint on behalf of himself and all others similarly situated against the Defendants M. Elliot, Strong and Assoc., LLC (d/b/a TSP Security LLC, GA) ("MESA") and all related companies (including, but not limited to, TSP Security Services LLC, FL), and Marc E. Singletary ("Singletary")(collectively referred to as "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA"), and in support thereof would state as follows:

## I. INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the straight pay and overtime provisions of the FLSA by Defendant which have deprived the named Plaintiff, as well as others similarly situated to the Plaintiff, of their lawful wages.

2. Other current and former employees of Defendants are also entitled to receive regular and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted to maintain this action "for and on behalf of [himself] and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid straight pay and overtime compensation owed to the Plaintiff and all current and former employees of Defendants who are similarly situated to the Plaintiff, pursuant to the FLSA. The Plaintiff and the collective group similarly situated are or have been employed by Defendants, working as security guards.

4. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have committed violations of the FLSA by failing to

compensate their employees at an overtime rate for hours worked in excess of 40 hours in a given workweek and by failing to pay their employees' paychecks upon departure/termination.

5. Plaintiff and all similarly situated employees who elect to participate in this action seek reimbursement of unauthorized deductions, unpaid overtime compensation for work performed, and an equal amount of liquidated damages to compensate them for the delay in payment of money due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because the acts complained of occurred within the State of Georgia and the jurisdiction of this Court.

## III. PARTIES

8. Plaintiff Deshawn Chavers resides in Atlanta, Georgia (within this District) and is a citizen of the United States. Chavers was employed by the Defendants as a

security guard based at Defendants' Atlanta, Georgia, location. He regularly worked for Defendants within this District.

9. At all times material to this action, the named Plaintiff and all members of the collective action are and/or were "employees" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by Section 207 of the FLSA for the period in which they were employed by Defendants. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. § 216(b). *See* Consent Form attached hereto as "Exhibit 1." Plaintiff and the similarly situated employees are individuals who were, or are, employed by Defendant as security guards.

10. Defendant M. Elliot, Strong and Assoc., LLC is a corporation based in Georgia which conducts business within this State and maintains its principal place of business at 3355 Lenox Rd., Ste. 785, Atlanta, Georgia 30326. Defendant does business as "TPS Security LLC, GA" and advertises that its "service locations" in Georgia are in Atlanta, Columbus, Augusta, Macon, Savannah, Athens, Sandy Springs, Roswell, Johns Creek, and Albany, and its "service locations" in Florida are in Jacksonville, Miami, Tampa, Orlando, St. Petersburg, Hialeah,

Tallahassee, Fort Lauderdale, Port St. Lucie, and Cape Coral. Defendants own and operates a business providing personal security to the general public.

11. Defendants maintain either actual or constructive control, oversight and direction over the operation of its employees, including the practices of those operations.

12. Defendants are subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and defendant MESA can be served through its designated agent, Marc E. Singletary at 3355 Lenox Rd., Ste. 785, Atlanta, GA 30326.

13. At all times material to this action, Defendant MESA was an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 203(s)(1) of the FLSA. For example, Defendant's employees regularly utilize a number of goods purchased through interstate commerce (including, but not limited to, uniforms, automobiles, gasoline, cellular telephones) and utilizes interstate services (including, but not limited to, contracting with commercial enterprises located in the State of Georgia, processing credit cards from its clients utilizing interstate means, utilizing interstate electronic communication devices, and utilizing interstate tracking systems) in its business.

14. Plaintiff regularly participated in interstate commerce during his employment with Defendants. For example, Plaintiff regularly utilized interstate means of

communication, such as telephones and electronic mail, during his employment with Defendants.

15. Upon information and belief, at all times relevant to this action, Defendants had an annual gross volume of sales which exceeded $500,000.

16. At all times material to this action, Defendants were "employers" of the named Plaintiff and/or others similarly situated, as defined by § 203(d) of the FLSA.

17. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## IV. VIOLATIONS OF THE FLSA

### Count I- Overtime Compensation

18. During the period of time material to this action, Defendants employed Plaintiff Deshawn Chavers and other similarly situated employees as security guards.

19. During periods throughout the last three years, Plaintiff frequently worked more than 40 hours per week without being paid overtime compensation. During each week of employment with Defendants, Mr. Chaver worked between 14-16 hours per day, seven days per week, or no less than 58 hours of overtime per week. Specifically, Defendant claims that he worked in excess of 40 hours per week without being paid overtime compensation during the following weeks: 10/3/16, 10/10/16, 10/17/16, 10/24/16, 10/31/16, 11/7/16, 11/14/16, 11/21/16, 11/28/16, 12/5/16, 12/12/16, 12/19/16, 12/26/16, 1/2/17, 1/9/17, 1/16/17, 1/23/17, 1/30/17, 2/6/17, 2/13/17, 2/20/17, 2/27/17, 3/6/17, 3/13/17, 3/20/17,

3/27/17, 4/3/17, 4/10/17, 4/17/17, 4/24/17, 5/1/17, 5/8/17, 5/15/17, 5/22/17, 5/29/17, 6/5/17, 6/12/17, 6/17/17, 6/26/17, 7/3/17, 7/10/17, 7/17/17, 7/24/17, 7/31/17, 8/7/17, 8/14/17, 8/21/17, 8/28/17, 9/4/17, 9/11/17, 9/18/17, 9/25/17, 10/2/17, 10/9/17, 10/16/17, 10/23/17, 10/30/17, 11/6/17, 11/13/17, 11/20/17, 11/27/17, 12/4/17, 12/11/17, 12/18/17, 12/25/17, 1/1/18, 1/8/18, 1/15/18, 1/22/18, 1/29/18, 2/5/18, 2/12/18, 2/19/18, 2/26/18, 3/5/18, 3/12/18, 3/19/18, 3/26/18, 4/2/18, 4/9/18, 4/16/18, 4/23/18, 4/30/18, 5/7/18, 5/14/18, 5/21/18, and 9/24/18.

20. During periods throughout the last three years, Defendant failed to properly compensate Plaintiff for overtime hours worked in violation of the FLSA. Specifically, Plaintiff is owed no less than $60,552.00 in compensation from Defendants ($8.00[hourly rate][1] X 1.5 [overtime rate] X 58 [hours of overtime worked per week] X 87 [weeks worked]). Under the liquidated damages provision of the FLSA, that amount is doubled, making the total amount due to Plaintiff no less than $121,104.00.

21. Plaintiff claims that overtime wages were not properly paid to him and other similarly situated employees during his employment with Defendants.

---

[1] Mr. Chaver's compensation varied, but was not lower than $8.00 per hour or higher than $14.00 per hour.

7

### Count II- Straight Pay

22. Defendant has refused to pay Plaintiff his final paycheck(s) of $531.00, violating the minimum wage provisions of the FLSA.

### VIII. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That, at the earliest possible time, he be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendants for any entity own, run, or managed by Defendants' operations within the United States. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not paid by Defendants for all hours worked in excess of 40 hours in a workweek at any time during the preceding three years. Plaintiff will file a motion for conditional certification within the time provided in the Local Rules.

B. That Plaintiff be awarded damages in the amount of his unpaid compensation plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of regular and overtime compensation due which the Defendants unlawfully used instead as personal capital or working capital of the business;

C. That Plaintiff be awarded prejudgment interest;

D. That Plaintiff be awarded reasonable attorneys' fees;

E. That Plaintiff be awarded compensatory damages;

F. That Plaintiff be awarded punitive damages;

G. That Plaintiff be awarded the costs and expenses of this action; and

H. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 1st day of October, 2018.

Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA 31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff